*Twenty-sixth Judicial District.*

# In the Court of Common Pleas of Schuylkill County.

## ANTHONY FEIST v. LEWIS PRINCE.

A judgment, for want of an affidavit on an appeal from a justice of the peace in an action founded on contract expressed or implied, can only be taken in that class of cases mentioned in the 14th section of the act of the 14th April, 1851, relative to affidavits of defence. And the 49th rule of the court of common pleas of Schuylkill county applies only to such cases.

**Rule to show cause why judgment should not be opened and defendant let into a defence.**

Opinion by

WALKER, J. The question raised here requires us to give a construction to the 49th rule of court relative to taking judgment for want of an affidavit of defence on appeals by defendants from justices of the peace, in action founded on contract expressed or implied.

Are those kind of cases mentioned in the 14th section of the act of 14th April, 1851, (P. L. p. 625,) for which judgment may be taken when within the jurisdiction of the common pleas, the only cases which are embraced within the rule, or are all cases of appeal founded on contract intended?

It was doubted whether the legislature could empower the courts to give judgment for want of a sufficient affidavit of defence, for it was thought to be an infringement upon that clause in the constitution which requires *"the trial of jury to remain inviolate."* See Trimble's appeal, 6 Watts 133.

Chief Justice Black in Lord *v.* Ocean Bank, 8 Harris 387, says that the law requiring the nature and character of the defence to be sworn to is a "just and necessary one, and its administration of justice has been most salutary. And the only regret of those who are informed on the subject is that it is not invariably adopted in all the courts of the state. Acts of assembly similar to that of the district court of Philadelphia, have been since passed for many of the courts of the state. The act of 14 April, 1851, extends the provisions of the affidavit law to Schuylkill county.

The class of cases for which judgment may be taken, is that specified in the act. It is beyond the power of the court to enlarge its provisions, or give judgment for want of an affidavit of defence in any case, when the nature and kind is not mentioned in the act. This is perfectly clear. If we were then to hold that in appeals from justices of the peace judgments for want of an affidavit may be taken in all cases founded on contract, (without reference to the kind enumerated,) we would be usurping legislative functions, and acting *ultra vires.*

For it is undoubted, that if the amount was within the jurisdiction of the court of common pleas originally, judgment for want of an affidavit could only be taken in those kinds of cases specified in the act, and for no others.

It is safe and proper therefore, to construe this rule to apply only to those kinds of cases mentioned in the act.

For *"judgment by default of an answer is not according to the course of the common law, and it can therefore be given only where authorized by the statute."* Ringwalt *v.* Brindle, 9 P. F. Smith 54, per Strong, J.

For these reasons the rule is made absolute. Rule absolute.

*Marr & Bro.*, for plaintiff; *O. P. Bechtel*, Esq., and *A. P. Spinney*, Esq., for defendant.